**IN THE COURT OF APPEALS OF IOWA**

No. 23-0012
Filed March 8, 2023

**IN THE INTEREST OF B.B.,**
**Minor Child,**

**A.H., Mother,**
        **Appellant,**

**E.B., Father,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

Both parents appeal the juvenile court's order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Donna M. Schauer of Schauer Law Office, Adel, for appellant mother.

Barbara Durden Davis, West Des Moines, for appellant father.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lori A. Bullock of Bailey & Glasser, L.L.P., Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

After several years of involvement with the Iowa Department of Health and Human Services (DHHS) and the juvenile court, these parents failed to make satisfactory progress towards reunification with their children, B.B. (born in 2009); A.B. (born in 2012); and E.B. (born in 2017). Consequently the State filed petitions seeking to terminate their parental rights as to all three children. The juvenile court held a hearing on all three petitions over two days in August 2022.

After the record closed, the father requested to reopen the record regarding all three children. The juvenile court denied the request regarding A.B. and E.B.'s cases. However, it reopened the record in B.B.'s case to allow B.B. to testify.

Reopening the record in B.B.'s case delayed its progress, so the termination cases for A.B. and E.B. moved quicker than B.B.'s. Accordingly, the juvenile court issued orders terminating the parents' rights to A.B. and E.B. before it issued an order terminating the parents' rights to B.B. The parents appealed the court's rulings terminating their rights to all three children. But, due to the separate tracks of the cases, the appeal regarding A.B. and E.B. was completed before this appeal relating to B.B. As to A.B. and E.B., this court affirmed the termination of the parents' rights. *See generally In re E.B.*, No. 22-1799, 2023 WL 386700 (Iowa Ct. App. Jan. 25, 2023).

In this appeal concerning B.B. we will not repeat the factual and procedural history leading to the juvenile court's order, as it is thoroughly and accurately laid out in *E.B.* *See id.* at *1–2. It is also not necessary to separately address each issue raised by the parents, as the analysis in *E.B.* applies here as well. Consequently, we adopt the reasoning and authority in *E.B.* to reach the same

conclusions regarding B.B., namely: (1) the State established statutory grounds for termination as B.B. could not be returned to the custody of either parent, so termination is appropriate under Iowa Code section 232.116(1)(f) (2022); (2) the parents were not entitled to an additional six months to work toward reunification, as they already received one extension and there is no reason to believe an additional extension will change anything; (3) the parents failed to preserve error regarding any challenge based on lack of reasonable efforts; (4) termination of the parents' rights to B.B. is in B.B.'s best interests; and (5) although the parents have some level of bond with B.B., there is no persuasive evidence that terminating the parents' rights would be detrimental to B.B. such that termination should be precluded pursuant to section 232.116(3)(c). *See id.* at *3–4.

We have separately considered the fact that B.B. is older than his siblings, is in a different placement, and expressed a desire to return home. None of these details cause us to reach different conclusions than those reached in *E.B.* Like his siblings, B.B. is doing better in his current placement than he did with the parents. Many of the behavioral problems exhibited by B.B. have been reduced or eliminated since B.B.'s removal. Although B.B. expressed a desire to return home, he also testified that he is doing well and all of his needs are met in his current placement—something that could not be said when he lived with his parents. So, after considering the specific nuances of B.B.'s case, we reach the same conclusion reached in *E.B.*—termination is in B.B.'s best interests and no detriment will occur to B.B. due to the closeness of his bond to his parents. *See id.* at *4.

**AFFIRMED ON BOTH APPEALS.**